UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KING,

        Plaintiff,

v.

A. MORALES et al.,

        Defendants.

Case No. 1:06-cv-479

Honorable Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, I recommend that the Court dismiss his complaint without prejudice.

### Discussion

    I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Maximum Correctional Facility. He complains of events that occurred while he was incarcerated at the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, he sues ICF nurse A. Morales and ICF Residential Unit Officers J. Wohlfert and J. Jameson.

Plaintiff alleges that on a number of occasions between August 14-16, 2003, he complained to Defendants that he was urinating large amounts of blood and felt ill. He claims that Defendants Wohlfort and Jameson would not contact health services, but instead told Plaintiff to wait for a doctor or a nurse. Plaintiff claims that Defendant Morales told him to wait for a doctor, then failed to collect a urine sample as ordered by D. L. Waters Hospital. Plaintiff alleges he was hospitalized for a number of days beginning on August 18, 2003 as a result of Defendants' failure to treat his ailment.

For relief, Plaintiff requests compensatory and punitive damages, costs, and fees.

II.     Lack of Exhaustion of Available Administrative Remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective Dec. 19, 2003). On August 23, 2003, Plaintiff filed a Step I grievance alleging "the nurse" denied him medical treatment despite his complaints of bloody urine and feeling ill. *See* ICF 0308 16831 2E1, Compl. Ex. A.[2] Plaintiff pursued Grievance No. ICF 0308 16831 2E1 through Step II. Compl. Ex. A. Then, on October 15, 2003, Plaintiff filed a second Step I grievance alleging a failure to treat him, in which he named "[nurse] A. Marolas [sic]," "RUO Wohlfert," and "RUO Jameson." *See* ICF 0310 2047 28F, Compl. Ex. B. Although Plaintiff pursued Grievance No. ICF 0310 2047 28F through Step III, the MDOC denied that

---

[2]Although he did not name nurse Morales by name in Grievance No. ICF 0308 16831 2E1, his reference to "the nurse" would have been sufficient to put the MDOC on notice of his claim against Morales.

grievance as untimely at each step because it had not been filed within five business days as required by MDOC policy. *See* Ex. B.[3]

Plaintiff has failed to demonstrate exhaustion of his available administrative remedies with regard to Grievance No. ICF 0308 16831 2E1. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies"). Because he pursued it only to Step II, Plaintiff did not pursue Grievance No. ICF 0308 16831 2E1 through all levels of review; it is thus unexhausted.

Plaintiff has likewise failed to demonstrate exhaustion of his administrative remedies with regard to Grievance No. ICF 0310 2047 28F. When a grievance is denied as untimely, it is not properly exhausted. *Woodford v. Ngo*, 126 S. Ct. 2378, 2386-88 (2006) (holding that "proper exhaustion," that is, exhaustion that complies with "critical procedural rules" such as time limits for filing grievances, is a precondition to any suit challenging prison conditions; failure to properly exhaust bars suit in federal court). Because the MDOC denied Grievance No. ICF 0310 2047 28F as untimely at Steps I through III, that grievance was not properly exhausted; the claims therein are thus barred. *Id.*

---

[3]In its Steps I through III responses, the MDOC also stated that, in addition to being untimely, Grievance No. ICF 0310 2047 28F was without merit. *See* Ex. B, pp 1, 3, 4.

Because Plaintiff did not pursue Grievance No. ICF 0308 16831 2E1 through Step III, and Grievance No. ICF 0310 2047 28F was denied as untimely, Plaintiff has failed to properly exhaust any of the Defendants or claims in this action. *See Woodford,* 126 S. Ct. at 2386-88; *Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2. The exhaustion requirement is no longer discretionary, but is mandatory; thus the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of an action without prejudice is required when a prisoner has failed to show that he exhausted available administrative remedies. *See Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court should dismiss Plaintiff's complaint without prejudice.

## **Recommended Disposition**

Having conducted the review required by the Prison Litigation Reform Act, I respectfully recommend that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion as required by 42 U.S.C. § 1997e(a).


Dated: August 2, 2006              /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).